LAWSON LAW OFFICES
Antonio M. Lawson, Cal. Bar No. 140823
835 Mandana Blvd.
Oakland, CA 94610
Tel:    (510) 419-0940
Fax:    (510) 419-0948

Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| TIMOTHY P. FOX, | ) | Case No. C 05-02172 CRB |
| | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JESSICA, INC., | ) | |
| d/b/a IBERIA RESTAURANT | ) | |
| | ) | |
| Defendant. | ) | |

  Plaintiff Timothy P. Fox, by and through his attorney, Antonio M. Lawson, hereby submits this Complaint for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., ("ADA"), the Unruh Civil Rights Act, Cal. Civ. Code, § 51, et seq. ("the Unruh Act"), and the California Disabled Persons Act, Cal. Civ. Code, § 54, et seq. (the "CDPA").

**JURISDICTION AND VENUE**

  1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and pursuant to its supplemental jurisdiction over Plaintiffs' claims brought under the laws of the State of California.  The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202.  Money damages alone are inadequate, and Plaintiffs have been suffering and will continue to suffer irreparable injury.

Case No.
Complaint

1    2.      Venue is proper within this District pursuant to 28 U.S.C. § 1391(b).

2                            **INTRADISTRICT ASSIGNMENT**

3    3.      This action arises in the county of San Mateo, and thus should be assigned to the

4    San Francisco or Oakland Division under Local Rule 3-2(d).

5                                     **PARTIES**

6    4.      Plaintiff Timothy P. Fox incurred a C4-C5 spinal cord injury in 1986 and is

7    substantially impaired in the major life activity of walking.  He uses a power wheelchair for

8    mobility.  Mr. Fox is a resident of Denver, Colorado.

9    5.      Defendant Jessica, Inc., is incorporated in the State of California.  Defendant

10   owns and operates the Iberia Restaurant in Menlo Park, California.

11                             **STATEMENT OF FACTS**

12   6.      Plaintiff Fox travels often to the San Francisco Bay Area.  He and his wife, Amy

13   Robertson, enjoy the wide variety of cuisine available in that area, and make a point of trying

14   different and interesting restaurants on each visit.

15   7.      In addition, Plaintiff Fox graduated from Stanford Law School, and is familiar

16   with the Mountain View, Palo Alto, and Menlo Park areas.  He and his wife often meet friends

17   for dinner at restaurants in that area.

18   8.      Plaintiff Fox and Ms. Robertson were in San Francisco on business in early

19   December, 2004, when they decided to meet some friends for dinner at the Iberia Restaurant

20   ("Iberia").  They were especially interested in the Iberia because they had not been able to find

21   good "tapas" -- one of the Iberia's specialties -- near their home in Denver.

22   9.      Plaintiff Fox called the Iberia the afternoon of December 8 to inquire whether the

23   restaurant was wheelchair accessible.  The person answering the phone -- whom Plaintiff later

24   learned was Jessica Relinque -- indicated that the restaurant was accessible but that tapas were

25   served in the bar area, which was fairly crowded.   Mr. Fox explained that he and his friends

26   Case No.
     Complaint                              -2-

1   intended to arrive at the restaurant fairly in the evening, and Ms. Relinque responded that in that

2   case, sitting in the bar area would not be a problem.

3       10.     Plaintiff Fox, Ms. Robertson and their friends arrived at the Iberia Restaurant at

4   approximately 5:30 in the afternoon.  When they arrived, there was no one seated in the dining

5   room, or in the table at the front of the room in which the bar was located.

6       11.     The table in the front of the bar area is considered part of the dining room.

7       12.     Plaintiff Fox told the maitre d' that they wanted to order "tapas."  The maitre d'

8   informed Plaintiff and his party that if they wanted to order tapas, they had to sit in the bar

9   area.

10      13.     The bar area of the Iberia does not have seating that is accessible to people who

11  use wheelchairs.

12      14.     Plaintiff Fox requested that, since the bar was not accessible, he and his party

13  be permitted to sit in the dining room and order tapas.

14      15.     The maitre d' said he did not think so, but would check.  He disappeared for

15  quite a while and returned to reiterate that the party could eat tapas in the bar or order from the

16  regular menu in the dining room.

17      16.     At that point, Ms. Robertson explained politely that there was a legal

18  requirement that the restaurant make an accommodation for persons with disabilities by

19  permitting the party to eat tapas in the dining room.

20      17.     The maitre d' disappeared for another long period time.  When he reappeared, it

21  was only to repeat the rule that tapas could only be ordered in the bar area.

22      18.     Given that Plaintiff Fox and his friends were already there -- having driven

23  down to Menlo Park for the purpose of eating at the Iberia -- they decided to order from the

24  regular -- non tapas -- menu in the dining room.

25

26  Case No.
    Complaint                                    -3-

19.     Once the party was seated, however, the maitre d' approached their table and requested, rudely, that Plaintiff Fox move his wheelchair because it was "wrinkling the carpet."

20.     Thoroughly fed up with the discrimination and discriminatory attitude, Plaintiff Fox and his party left the restaurant.

21.     Plaintiff Fox intends to return to the Iberia Restaurant to order tapas when it ceases the discriminatory conduct described herein.

**FIRST CLAIM FOR RELIEF**
**(Americans with Disabilities Act)**

22.     Plaintiff realleges and incorporates by reference the remainder of the allegations set forth in this Complaint as if fully set forth herein.

23.     Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

24.     Defendant owns, operates, leases and/or leases to a restaurant that is a place of public accommodation.  42 U.S.C. § 12181(7)(B).

25.     Defendant discriminated against Plaintiff by failing to make a reasonable modification in its policy, practice or procedure of permitting patrons to order tapas only in the inaccessible bar area, in violation of 42 U.S.C. § 12182(b)(2)(A)(ii).

26.     On information and belief, portions of the Iberia restaurant were constructed and/or altered by Defendant since January 26, 1993.  As such, it is required to be readily accessible to and usable by Plaintiff Fox.  The fact that the bar area is inaccessible constitutes discrimination under 42 U.S.C. § 12183(a).

27.     On information and belief, it would be readily achievable to remove architectural barriers in the Iberia restaurant.

28.     As such, Defendant discriminates and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of the Iberia Restaurant in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations, including but not limited to the actions detailed above.

29.     Defendant's violations of the ADA have harmed and will continue to harm Plaintiff.

30.     Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188, Plaintiffs pray for judgment as set forth below.

**SECOND CLAIM FOR RELIEF**
**(Unruh Civil Rights Act)**

31.     Plaintiff realleges and incorporates by reference the remainder of the allegations set forth in this Complaint as if fully set forth herein.

32.     Defendant operates a business establishment within the jurisdiction of the State of California and, as such, is obligated to comply with the provisions of the Unruh Act, Cal. Civ. Code, § 51, et seq. ("the Unruh Act").

33.     The conduct alleged herein violates the Unruh Act, including Cal. Civ. Code, § 51, et seq. and relevant provisions of California building code regulations.

34.     The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California.  The Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act.

Case No.
Complaint                                          -5-

35.     Defendant has violated the Unruh Act by, inter alia, denying Plaintiff, as a person with a disability, full and equal accommodations, advantages, facilities, privileges, or services offered by Defendant.  Defendant has also violated the Unruh Act by violating the ADA, as set forth above.

36.     Defendant has violated the Unruh Act by, inter alia, failing to operate its services on a nondiscriminatory basis and failing to ensure that persons with disabilities have full, equal and nondiscriminatory access to its restaurants.

37.     Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiffs pray for judgment as set forth below.

38.     In doing the acts and/or omissions alleged herein, Defendant wrongfully and unlawfully denied access to its restaurants and their facilities to individuals with disabilities and acted with knowledge of the effect its conduct was having on physically disabled persons.

**THIRD CLAIM FOR RELIEF**
**(California Disabled Persons Act)**

39.     Plaintiff realleges and incorporates by reference the remainder of the allegations set forth in this Complaint as if fully set forth herein.

40.     Defendant operates, within the jurisdiction of the State of California, places of public accommodation and/or places to which the general public is invited and, as such, is obligated to comply with the provisions of the CDPA, Cal. Civ. Code, § 54, et seq.

41.     The conduct alleged herein violates the CDPA, including without limitation Cal. Civ. Code, § 54.1, et seq.  and relevant provisions of California building code regulations.

42.     The CDPA guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities.

Case No.
Complaint                                          -6-

43.     Defendant has violated the CDPA by, <u>inter alia</u>, denying Plaintiff, as a person with a disability, full and equal access, as other members of the general public, to accommodations, advantages, facilities offered by Defendant.

44.     Defendant has violated the CDPA by, <u>inter alia</u>, failing to operate its services on a nondiscriminatory basis and failing to ensure that persons with disabilities have full, equal and nondiscriminatory access to its restaurants.

45.     Pursuant to the remedies, procedures, and rights set forth in California law, including Cal. Civ. Code §§ 54.3 and 55, Plaintiffs pray for judgment as set forth below.

46.     In doing the acts and/or omissions alleged herein, Defendant wrongfully and unlawfully denied access to its restaurants and their facilities to individuals with disabilities and acted with knowledge of the effect its conduct was having on physically disabled persons.

**RELIEF**

WHEREFORE, Plaintiff respectfully requests:

1.     That this Court assume jurisdiction;

2.     That this Court declare Defendant to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, <u>et seq.</u> the Unruh Civil Rights Act, Cal. Civ. Code § 51, <u>et seq.</u> and the California Disabled Persons Act, Cal. Civ. Code, § 54, <u>et seq.</u>;

3.     That this Court issue an injunction ordering Defendant to comply with the statutes set forth herein;

4.     That this Court award actual, compensatory, and/or statutory damages to Plaintiff for violations of their civil rights under state and federal law;

5.     That this Court award Plaintiffs' reasonable attorneys' fees and costs pursuant to federal and California law; and

Case No.
Complaint                                    -7-

6.     That this Court award such additional or alternative relief as may be just, proper and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury on all issues which can be heard by a jury.


Respectfully submitted,

LAWSON LAW OFFICES


By: _____

Antonio M. Lawson, Cal. Bar No. 140823
835 Mandana Blvd.
Oakland, CA 94610
Tel:     (510) 419-0940
Fax:     (510) 419-0948

Dated:                                    Attorney for Plaintiff

Case No.
Complaint                              -8-